THE STATE OF NEW JERSEY, DEFENDANT IN ERROR. v.
SAMUEL BLECHMAN, PLAINTIFF IN ERROR.

Submitted May 31, 1946—Decided December 26, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and
COLIE.

For the plaintiff in error, *Walter P. Back* and *Albert S. Gross.*

For the state, *Walter G. Winne,* Prosecutor of the Pleas, and *Wallace S. DePuy,* Assistant Prosecutor of the Pleas.

The opinion of the court was delivered by

HEHER, J.  Plaintiff in error challenges what is said to be a judgment of conviction upon an indictment charging that on October 11th, 1944, he did "counsel" one George Polos to set fire to a certain dwelling house in the City of Hackensack, with intent to prejudice and defraud the insurers thereof against loss or damage by fire, in contravention of *R. S.* 2:109–4, which provides that one who shall, with that intent, "willfully or maliciously set fire to, or burn, or aid, counsel, procure or consent to the setting fire to or burning, of any" such insured building or chattels shall be guilty of a high misdemeanor.  The case was tried to a jury; and there was a verdict of guilty.  The indictment is not printed in the state of the case; and there is no showing therein of the entry of a judgment of conviction.  This latter deficiency renders the writ of error dismissible; and this should be our course were it not for the state's failure to make a point of the omission and its seeming concession that the return made to the writ of error reveals the entry of a judgment upon the verdict.  The entire record of the proceedings had upon the trial has been included in the return, pursuant to *R. S.* 2:195–16.

Although we have but a meager description of the content of the indictment, it would seem, as said, that it accuses plaintiff in error merely of counseling another to set fire to the dwelling house; and it is urged at the outset that such is not an offense denounced by the cited statute unless the wrongful act thus counseled is done, and the insured property is actually burned.  We do not so read the statute.  It plainly classifies as a high misdemeanor the counseling or solicitation of another to set fire to or burn any insured building, ship or vessel, or goods, wares, merchandise or other chattels, with intent to prejudice or defraud the insurer; and in this regard the statute is primarily declaratory of the common law.

At common law, it is a misdemeanor for one to counsel, incite or solicit another to commit either a felony or a misdemeanor, certainly so if the misdemeanor is of an aggravated character, even though the solicitation is of no effect, and the crime counseled is not in fact committed. The gist of the offense is the solicitation. It is not requisite that some act should be laid to have been done in pursuance of the incitement. While the bare intention to commit evil is not indictable, without an act done, the solicitation, itself, is an act done toward the execution of the evil intent and therefore indictable. An act done with a criminal intent is punishable by indictment. It was said by an eminent common law judge (Lawrence, J., in *Rex* v. *Higgins, infra*) that under the common law all offenses of a public nature, *i. e.*, "all such acts or attempts as tend to the prejudice of the community," are indictable; and it goes without saying that an attempt to incite another to commit arson or a kindred offense is prejudicial to the community and public in its nature. *Rex* v. *Higgins*, 2 *East* 5; *Rex* v. *Scofield, Cald.* 397; *Rex* v. *Plympton*, 2 *Ld. Raym.* 1377; *Rex* v. *Vaughn*, 4 *Burr.* 2494; *Rex* v. *Philipps*, 6 *East* 464; *Regina* v. *Gregory*, 1 *L. R. C. C.* 75; *State* v. *Quinlan*, 86 *N. J. L.* 120; *State* v. *Boyd*, 86 *Id.* 75; *affirmed*, 87 *Id.* 328; *Commonwealth* v. *Flagg*, 135 *Mass.* 545; *State* v. *Schleifer*, 99 *Conn.* 432; 121 *Atl. Rep.* 805; 35 *A. L. R.* 952; *Commonwealth* v. *Randolph*, 146 *Pa.* 83; 23 *Atl. Rep.* 388; *State* v. *Bowers*, 35 *S. C.* 262; 14 *S. E. Rep.* 488; 15 *L. R. A.* 199. In the case of *State* v. *Brand*, 76 *N. J. L.* 267; *affirmed*, 77 *Id.* 486, this court construed the statute as denouncing two separate and distinct offenses, *i. e.*, the willful or malicious setting fire to or burning of insured property, with intent to prejudice the underwriter, and aiding, counseling, procuring or consenting to the setting fire to or burning of such property; but our court of last resort found it unnecessary to consider the question, for there the indictment used the statutory terms in the conjunctive and thus charged that the merchandise was in fact burned.

The solicitation constitutes a substantive crime in itself, and not an abortive attempt to perpetrate the crime solicited. It falls short of an attempt, in the legal sense, to commit

the offense solicited. An attempt to commit a crime consists of a direct ineffectual overt act toward the consummation of the crime, done with an intent to commit the crime. Neither intention alone nor acts in mere preparation will suffice. There must be an overt act directly moving toward the commission of the designed offense—such as will apparently result, in the usual and natural course of events, if not hindered by extraneous causes, in the commission of the crime itself. *State* v. *Schwarzbach*, 84 *N. J. L.* 268; *Marley* v. *State*, 58 *Id.* 207.

Of course, at common law one who counsels, incites or solicits another to commit a felony, is indictable as a principal or an accessory before the fact, if the designed felony is accomplished, depending upon his presence and participation or absence at the time of its commission. *State* v. *Woodworth*, 121 *N. J. L.* 78.

Plaintiff in error sets great store upon the case of *Wimpling* v. *State*, 171 *Md.* 362; 189 *Atl. Rep.* 248. But it is not in point. The statute there under review was substantially different; it defined the offense of "arson" in terms that clearly signified an actual burning of the property as an indispensible ingredient of the crime.

We think that, apart from the statutory recognition of a subsisting common law offense, the prime, if not the exclusive, purpose of the legislative act in question was the classification as a high misdemeanor of what would otherwise be a misdemeanor.

We find no merit whatever in the point of variance between the indictment and the proofs, in that the accused also counseled and solicited a third person, pretending to be a *particeps criminis* with Polos, to commit the planned offense. There was evidence to sustain the indictment, precisely as the offense was laid, and thus the *allegata* and *probata* correspond.

And there was proof of a valid outstanding policy of fire insurance covering the subject property at the time the indictment alleges the crime was committed. There was competent *prima facie* evidence of the authority and signature of the person purporting to act as an attorney-in-fact. The integrity of this evidence was in no wise challenged on cross-

examination. Indeed, there was evidence that the accused paid the policy premium, or a proportionate share thereof, to the insurer.

Lastly, it is insisted that the judgment of conviction should be reversed for (a) failure of "proof of specific intent to defraud or prejudice the insurer," and (b) a want of "adequate instruction to the jury of the necessity of making such finding."

The asserted want of evidence of the requisite specific intent to defraud the insurer is grounded upon the premise that "that element was concededly lacking on the part of both Polos and Pabst." But that is an irrelevant consideration. As we have seen, it does not matter that the solicitation is ineffectual and the criminal design is not consummated. The thing subject to penal consequences is the act done toward the execution of the criminal intent; and the solicitation is such an act, even though the person solicited did not participate in the criminal design, and the solicitation was wholly unavailing. The case of *State* v. *Dougherty,* 88 *N. J. L.* 209, is not apropos. There, an essential element of the substantive crime charged was lacking. Here, there was ample evidence that the accused, himself, was moved in the act of solicitation by the requisite specific evil intent; and this is the essence of the offense.

And the "inadequacy" of the instruction to the jury in this regard is not a ground for reversal, if it is an accurate statement of the law so far as it goes. Such instruction as the accused deemed ample should have been made the subject of a specific request to charge. *State* v. *Leo,* 80 *N. J. L.* 21; *State* v. *Johnson,* 90 *Id.* 21; *affirmed,* 91 *Id.* 611; *State* v. *Barone,* 96 *Id.* 417; *State* v. *Staw,* 97 *Id.* 349; *State* v. *Larsen,* 105 *Id.* 266; *State* v. *Yevchak,* 130 *Id.* 584. But it is also said that a correct instruction as to "specific intent" was "vitiated" by the definition of malice generally, and that in this respect there was an "ambiguity" which tended "to mislead the jury," and thus to prejudice the rights of the accused. Without intimating that the criticism is valid, it suffices to say that the particular passage of the charge was not made the subject of an assignment of error or a specifica-

tion of cause for reversal, and it is therefore not reviewable either on strict error or under *R. S.* 2:195–16. In the latter circumstance, it is requisite that the causes for reversal be specified and served upon the state's attorney. *R. S.* 2:195–18. *Vide State* v. *Lyons,* 70 *N. J. L.* 635; *State* v. *Miller,* 71 *Id.* 527; *State* v. *Codington,* 80 *Id.* 496; *affirmed,* 82 *Id.* 728; *State* v. *O'Connor,* 134 *Id.* 536. The specification must be sufficiently definite and precise to apprize the court and the adversary counsel of the error asserted; and, where it is directed to a passage in the charge, the language should be reproduced. *State* v. *Herron,* 77 *Id.* 523; *State* v. *McCormack,* 93 *Id.* 287; *State* v. *Comstock,* 95 *Id.* 321; *affirmed,* 96 *Id.* 299; *State* v. *Blaine,* 104 *Id.* 325; *State* v. *Danser,* 116 *Id.* 487; *State* v. *Stephan,* 118 *Id.* 592.

Let the judgment be affirmed.