**Philip P. COLON, Plaintiff,**

v.

**Theodore GRIECO, Arthur F. Seibert and David Sullivan, Defendants.**

**Civ. A. No. 51–63.**

United States District Court
D. New Jersey.
Feb. 18, 1964.

Frederic C. Ritger, Jr., Newark, N. J., for plaintiff.

William V. Breslin, Englewood, N. J., by Donald M. Waesche, Englewood, N. J., for defendants.

WORTENDYKE, District Judge.

Upon due notice to the plaintiff herein, the defendants have moved this Court for summary judgment in their favor, pursuant to the provisions of F.R.Civ.P. rule 56(b), and upon return of the notice, argument was heard upon the motion. At the conclusion of argument decision was reserved.

From the pleadings, affidavits, requests for admissions and exhibits thereto annexed, the following uncontroverted facts appear.

The plaintiff in this action is in custody of the State of New Jersey, serving a sentence of imprisonment imposed upon his conviction of a violation of the criminal laws of that State to which he pleaded guilty. The complaint herein was apparently drafted and filed by the plaintiff, himself. Subsequently, responsive to the request of this Court, and upon the application of the plaintiff, counsel undertook his representation.

The defendants are police officers of the Borough of Fort Lee in the County of Bergen in the State of New Jersey, and the causes of action alleged by the plaintiff arise out of their conduct in arresting and interrogating the plaintiff.

The complaint, which is not artistically drawn, is in two counts. After an introductory paragraph predicating jurisdiction upon Federal statutes, and a quotation from the New Jersey statute of limitations (N.J.S.A. 2A:14–1), the complaint proceeds to allege, in substance, as follows: On or about February 11, 1959 in Fort Lee, New Jersey, the plaintiff, while being held a prisoner in the municipal police station by the defendants "was illegally detained in a state of incommunicado" for a period of ten days from February 11 to 20, 1959, and that during that period at that place the defendants conspired to deny the plaintiff the equal protection of the laws, whereby he suffered injury to his person and his property, and was deprived of rights and privileges secured to him as a citizen of the United States. He further contends that 42 U.S.C. § 1985, commonly known as the Civil Rights Act, provides a cause of action in his favor against the defendants. The plaintiff further alleges, under the caption "Count Two", that the defendants, acting under color of law of the State of New Jersey, subjected and caused to be subjected the plaintiff, a citizen of the United States, to the deprivation of rights and privileges secured to him by the Constitution and laws thereof. Wherefore, says the plaintiff, a cause of action has accrued to him by virtue of the provisions of 42 U.S.C. § 1983. At the foot of these allegations, the complaint cites Wakat v. Harlib, 7 Cir., 253 F.2d 59.

This action came duly to issue by the filing in behalf of the defendants of an answer consisting of a general denial of the allegations of the complaint.

■ Pursuant to the provisions of F.R.Civ.P. 36(a) the defendants served upon the plaintiff a demand for admissions of the truth of relevant matters of fact set forth in the requests. Service of that demand was made on December 11, 1963, but no response thereto was served or filed by or in behalf of the plaintiff within the time prescribed by the Rule or thereafter. The matters contained in the requests are admitted. O'Campo v. Hardisty, 9 Cir. 1958, 262 F.2d 621. Annexed as exhibits to the requests for admission are copies of various documents referred to in the requests. From these requests and documents the following facts appear and are uncontradicted by any affidavit or other form of evidence submitted by or in behalf of the plaintiff:

On February 11, 1959, at about 8:30 p. m., plaintiff and an accomplice were arrested by the defendant Sergeant and Acting Detective Arthur F. Seibert while the plaintiff and his accomplice were in the act of attempting to break open the rear door of a private residence at 1341 Oleri Terrace, Fort Lee, New Jersey, with intent to rob those premises. The defendant David Sullivan, a patrolman of the Borough, was with Seibert when they discovered the plaintiff in the act of the commission of the offense referred to. A warrant for the arrest was duly issued by an authorized Magistrate of the Borough upon a proper complaint verified by Seibert. In order to apprehend the plaintiff when he was discovered attempting to break into the premises, it was necessary for Seibert and Sullivan to pursue him, and, upon his apprehension, he was taken by the officers to police headquarters in the Borough. There his person was searched and he was found in possession of jewelry burglarized from two other private residences in Fort Lee. Plaintiff

was detained at the Borough police headquarters overnight and into the following day, and was interrogated respecting several previous burglaries which had been recently committed in the community. Following teletype broadcast of the notice of the arrest, the Borough police authorities were notified by the police authorities of the City of New York that the plaintiff was wanted in that jurisdiction for violation of parole, and in compliance with the request of the New York authorities, the plaintiff's detention at Fort Lee police headquarters was continued. On February 13, plaintiff was asked whether he desired the services of a lawyer, and responded that he did not desire such services at that time, but would await the preferring of charges against him. Plaintiff was permitted to make use of the telephone at police headquarters on February 12, and on February 13 or February 14, was visited there by his brother and a girl with both of whom he was permitted to confer privately. The affidavit filed by each of the defendant police officers denies that the plaintiff was at any time held incommunicado, or that he was deprived of any privileges to which he was entitled under the circumstances then and there existing. No assault or battery is charged by the plaintiff. His sole complaint is of delay in bringing him before a magistrate.

Copies of complaints and warrants for arrest in connection with other burglaries with which the plaintiff was charged are attached to the requests for admissions, together with a voluntary written statement signed by the plaintiff respecting the circumstances under which he was present in the Borough of Fort Lee at the time of his arrest during the course of his attempt to break and enter the Oleri Terrace property previously referred to. In this signed statement plaintiff disclosed that on the afternoon of the date of his arrest he came to Fort Lee from New York City with a companion in an automobile belonging to the wife of the latter. The statement further reveals that the first house in Fort Lee which the plaintiff and his companion burglarized was located at 1339 Abbott Blvd.; the second one was at a different location in the same municipality; and the third planned breaking and entry was the one which was interrupted by the police discovery and arrest. In the pursuit leading up to plaintiff's arrest, shots were fired by the police, and in his efforts to avoid them, the plaintiff fell on two occasions. After his apprehension he was offered medical attention for the injuries suffered in his falls, but refused to accept the offer and minimized the seriousness of the injuries. Plaintiff admitted that some of the articles of jewelry stolen by him in the course of the earlier burglaries of the same evening were on his person when he was apprehended following his discovery in the attempt to break and enter the Oleri Terrace property. The plaintiff supplemented his foregoing written statement by a further written statement given to the Fort Lee police on February 17, 1959. In the latter statement, the plaintiff admitted that on January 8, 1959 he and his companion had stolen two mink stoles from other residences in Fort Lee.

The interrogation of the plaintiff while he was detained at Fort Lee police headquarters extended over the period stated, and was participated in by representatives of the police departments of numerous New Jersey municipalities, of Nassau County, New York, and of the Federal Bureau of Investigation. This interrogation produced the solution of sixty earlier burglaries in the Counties of Bergen, Hudson, Essex and Passaic, New Jersey.

After having been duly charged by accusation in the Law Division of the County Court of Bergen County, New Jersey, with burglaries committed on February 7 and 11 in Englewood Cliffs, Englewood and Fort Lee, New Jersey, the plaintiff, represented by counsel of his own selection, waived indictment and trial by jury and pleaded guilty to the accusations. Upon these pleas judgments of conviction were entered, and on July 14, 1959 plaintiff was sentenced by a Judge of the

Bergen County Court to imprisonment in the New Jersey State Prison for a total of not less than eight nor more than fourteen years. He is presently serving that sentence.

At the time of his arrest and detention by the present defendants, a warrant had been issued by the New York State Board of Parole for the retaking and detention of the plaintiff as a parole violator. Plaintiff's detention at Fort Lee police headquarters was in compliance with that warrant.

During the pendency of this action the plaintiff applied to this Court for a writ of habeas corpus, upon a petition alleging that (1) he was illegally detained for ten days, during which time statements were extracted from him through a process of "relay tactics," which statements were used to coerce a guilty plea, without any appearance before a magistrate; (2) he was refused assigned counsel to represent him; and (3) he was deprived of effective assistance of assigned counsel because the Court allowed an attorney from New York to represent him. The Honorable Thomas F. Meaney, a Judge of this court, to whom plaintiff's said petition for writ of habeas corpus was assigned for disposition, reviewed the record of the proceedings of which plaintiff complains, and concluded that no denial of plaintiff's constitutional rights was disclosed therein. Judge Meaney found, and stated in his opinion and order filed October 11, 1963 (C–742–63, Philip P. Colon v. Howard Yeager, Warden, New Jersey State Prison) that "the applicant's plea of guilty was made and entered with full consideration of his constitutional rights," and denied the application for the writ.

This Court has jurisdiction of this action under 28 U.S.C. § 1343. Agnew v. City of Compton, 9 Cir. 1957, 239 F.2d 226, cert. den. 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910.

■ The allegations of the first count of the complaint, while conclusory, suffice to withstand a motion to strike for failing to state a claim under 42 U.S.C. § 1985(3). Picking v. Pennsylvania Railroad Co., 3 Cir. 1945, 151 F.2d 240, cert. den. 332 U.S. 776, 68 S.Ct. 38, 92 L.Ed. 361. The uncontradicted evidence, however, fails to support any inference that defendants conspired for any of the purposes stated in the statutory section relied upon. Moreover, the evidence negates the claim that any damage was suffered by the plaintiff from the conduct of the defendants or any of them.

■ In the second count of his complaint, plaintiff charges that during the ten day period between February 11 and 20, 1959, the defendants "acting under color of law * * * subjected * * * the plaintiff * * * a citizen of the United States to the deprivation of the rights and privileges secured to him by the Constitution and Law of the United States." Accordingly he claims that he has a cause of action under 42 U.S.C. § 1983. He does not allege any facts underlying such a conclusion, but, upon the argument of the motion for summary judgment, plaintiff's attorney conceded that the gravamen of the action lay in plaintiff's contention that defendants unlawfully detained him without a charge having been preferred against him. Treating the pleading as amended to include the foregoing contention, and as thereby saved from attack on motion to dismiss (see Coleman v. Johnston, 7 Cir. 1957, 247 F.2d 273), the uncontradicted evidence conclusively refutes the cause of action alleged.

■ The elements of a cause of action under 42 U.S.C. § 1985(3) are (1) a conspiracy by the defendants; (2) with a purpose of depriving the plaintiff of equal protection of the laws or equal privileges and immunity under the law; (3) a purposeful intent to discriminate; (4) action by the defendants under color of State law or authority; and (5) injury to the person or property of the plaintiff or his deprivation of a right or privilege of a citizen of the United States resulting from acts in furtherance of the conspiracy. Hoffman v. Halden, 9 Cir. 1959, 268 F.2d 280, 292.

■ The elements of a cause of action under 42 U.S.C. § 1983 are (1) action under color of any statute, ordinance, regulation, custom or usage of any State or Territory which (2) subjects, or causes to be subjected any person within the jurisdiction of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States. Cohen v. Norris, 9 Cir. 1962, 300 F.2d 24, 30.

None of these essential elements under either of the cited sections is disclosed by the uncontradicted evidence before me.

■ In testing the sufficiency of the allegations of a complaint to support a cause of action based upon 42 U.S.C. § 1983 where defendant police officers were charged with having arrested the plaintiff without a warrant *and without probable cause*, and for the purpose of denying plaintiff his rights, privileges and immunities under the Constitution, the Ninth Circuit Court of Appeals, in Agnew v. City of Compton, supra, stated at 239 F.2d p. 231:

"General allegations of this kind, when unsupported by the complaint, read as a whole, have consistently been rejected as insufficient. The complaint under examination, considered as a whole, does not support these general allegations. Indeed, the facts alleged belie such a conclusion. The purpose of the arrest was to enforce a valid ordinance. The means employed were reasonable. No violence or unusual indignity resulted. There were no over-tones of discrimination. * *"

In the present case the plaintiff was arrested while in the act, committed in the presence of the arresting officers, of attempting to break and enter a residence in the night time, i. e., to commit a high misdemeanor under the criminal law of New Jersey. See N.J.S.A. 2A:94–1; 2A:85–5; State v. Blechman, 135 N.J.L. 99, 50 A.2d 152. The means employed in making the arrest were reasonable. Although it was necessary to pursue the plaintiff, and during that pursuit he fell and suffered minor injuries, they may not be equated (nor does plaintiff so contend) to violence or unusual indignity on the part of the defendants. There were absolutely no over-tones of discrimination,—any person caught in the attempt to commit a crime would have been exposed to similar action by the police. State v. Genese, 102 N.J.L. 134, 130 A. 642; N.J.S.A. 2A:169–3; State v. Ronnie, 41 N.J.Super. 339, 125 A.2d 163. In the enforcement of the criminal law of a State and for the protection of society, police officers are authorized to make a search of the person of the individual arrested, Cohen v. Norris, supra, 300 F.2d p. 31 and in the light of the result of such a search, to interrogate the individual, particularly where similar unsolved offenses had recently been committed in the community. A search in the instant case was made and the fruits of burglary found on the person of the plaintiff. The broadcasting to other police departments of the fact of his arrest and his identity was in no way offensive to the constitutional rights of the prisoner. That broadcast evoked notification from appropriate authorities in the City of New York that the prisoner was wanted by them for violation of parole. Other police departments made known their interest in the prisoner and were permitted to interview him while he was in the custody of the Borough of Fort Lee. There was no unreasonable delay on the part of Detective Seibert in filing a complaint against, and securing a warrant for the arrest of the plaintiff. All of this occurred during the evening of the date of his arrest. N.J.S.A. 2A:156–1 authorizes any peace officer of the State, in fresh pursuit of a person who has committed or attempted to commit any criminal offense in the presence of such officer, to arrest and hold such person in custody anywhere in the State.

■ Plaintiff relies heavily upon McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819. That decision prohibits the use in criminal cases of confessions obtained during il-

legal detention and extends to cases where there is a failure to bring the accused before a committing magistrate without unnecessary delay; but the Mc-Nabb rule has not been extended to State prosecutions as a requirement of the Fourteenth Amendment. Smith v. Heard, 5 Cir. 1963, 315 F.2d 692, 694, cert. den. 375 U.S. 883, 84 S.Ct. 154, 11 L.Ed.2d 113; see also Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Gallegos v. State of Nebraska, 1951, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86; Kent v. United States, 1 Cir. 1959, 272 F.2d 795; Betts v. Brady, 1942, 316 U.S. 455, 461, 62 S.Ct. 1252, 86 L.Ed. 1595. Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 follows McNabb in upholding the right of a defendant in a federal criminal case to compliance by arresting officers with the requirements of F.R.Cr.P. 5(a), but does not extend the McNabb requirement to State arrests or criminal proceedings. Both McNabb and Mallory involve confessions obtained by police during the period between arrest and arraignment before a United States Commissioner.

In the present case no question of the voluntariness of a confession is presented, indeed, no such confession was necessary because the arrest was made during the actual commission of the crime. Plaintiff does not contend that the signed statements which he gave to the police were involuntary. It is the bare delay between arrest and arraignment of which he complains. Except for the conclusory allegation of damage resulting therefrom, the uncontradicted evidence is that he suffered no damage. He was a New York parole violator when he was arrested in the course of committing the crime in New Jersey, and, through the investigation conducted by the police authorities of several other jurisdictions during his detention, his guilt of or connection with other crimes was disclosed. Judge Meaney of this Court has already found that his present imprisonment is not in violation of any of plaintiff's constitutional rights.

The Federal civil rights statutes upon which the present complaint is based give a right of action only for deprivation of rights, privileges and immunities secured by the Constitution and federal laws. To maintain this action plaintiff must allege facts showing that the defendants acted or conspired together to deprive him of rights, privileges, and immunities secured by the Constitution and laws of the United States. Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495; Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; Ginsburg v. Stern, D.C.Pa.1954, 125 F. Supp. 596, affd. 3 Cir. 1955, 225 F.2d 245; Copley v. Sweet, D.C.Mich.1955, 133 F. Supp. 502, affd. 6 Cir. 1956, 234 F.2d 660, cert. den. 1956, 352 U.S. 887, 77 S.Ct. 138, 1 L.Ed.2d 91.

Mallory v. United States, supra; Upshaw v. United States, 1948, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100; and McNabb v. United States, supra, involved federal criminal prosecutions and rights under the United States Constitution. The Sixth Amendment provisions are applicable only to federal criminal proceedings. Betts v. Brady, supra; Bute v. Illinois, 1948, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986. The due process clause of the Fourteenth Amendment does not make the speedy trial provisions of the Sixth Amendment directly applicable to State action. To establish a violation of the due process clause plaintiff must allege and prove that the delay precluded a fair determination of the charges against him. United States ex rel. Von Cseh v. Fay, 2 Cir. 1963, 313 F.2d 620, cert. den. Von Cseh v. New York, 365 U.S. 817, 81 S.Ct. 699, 5 L.Ed. 2d 695. Plaintiff's plea of guilty precluded the possibility that delay in bringing him before a magistrate caused the constitutional deprivation which he alleges.

In Wakat v. Harlib, 7 Cir. 1958, 253 F.2d 59, also relied upon by the plaintiff here, the affirmance of the judgment for

the plaintiff in the cited case was upon the ground that the treatment given to Wakat by the defendants in that case was different from the treatment which he would have received if he had not had a record of conviction for crime. Therefore, he was found to have been deprived of the equal protection of the law and to have been discriminated against by the defendants.

This opinion shall constitute my findings of fact and conclusions of law.

Defendants' motion for summary judgment must prevail and an appropriate order may be presented in conformity with the views herein expressed.