174 N.J. Super. 435 (1980)
416 A.2d 961
STATE OF NEW JERSEY, PLAINTIFF,
v.
RADOSAW JOVANOVIC, DEFENDANT.
Superior Court of New Jersey, Resentencing Panel.
Decided June 5, 1980.
*437 Vincent E. Halleran, Jr., for defendant.
Mark P. Stalford, Assistant Prosecutor, for plaintiff (Alexander D. Lehrer, Monmouth County Prosecutor, attorney).
Before Judges COLEMAN, MARZULLI and YANOFF.
The opinion of the court was delivered by COLEMAN, J.S.C.
Defendant was convicted of the common law offense of solicitation to commit arson in violation of N.J.S.A. 2A:85-1. He was sentenced to 360 days to the Monmouth County Correctional Institution on May 26, 1978. The question before us is whether criminal solicitation has been abolished by the New Jersey Code of Criminal Justice.
The facts in this case reveal the following: On June 4, 1977 defendant met with Joseph P. Getsinger, a State Police Officer, who was posing as a torch for hire. Defendant had asked Larry August, a repairman, to find an arsonist to burn his building. August contacted the State Police. The first meeting between defendant and the detective occurred on June 4, 1977, across the street from a building owned by defendant. The taped conversation revealed that defendant said he was having financial problems with the building and expressed the desire to be relieved of the building's burden. He indicated the building was *438 about to be foreclosed and that if he was unable to sell it, he wanted to burn it as soon as he obtained $200,000 insurance on the building. Defendant and the detective inspected the layout of the building to see how best to facilitate the arson. He assured the detective the tenants in possession would be safe because of the manner of construction of the building. Defendant also indicated he did not think the Fire Department would interfere. The detective was given defendant's home phone number for future contacts. The detective was to receive $10,000 for the fire. The fire was to be started a few weeks after the insurance coverage had been obtained in order to minimize suspicion. The discussion contemplated a $1,500 down-payment by defendant to the detective at some future date yet to be arranged. Defendant was arrested and charged with the instant offense before he obtained the insurance, sold the building or made the down-payment to the detective.
Defendant contends that the offense of criminal solicitation has been abolished by N.J.S.A. 2C:1-1 et seq. The State contends the congruent offense for criminal solicitation is attempt or conspiracy. 2C did not enact an offense called criminal solicitation. The Panel must, therefore, decide whether there is such a crime under the 2C scheme.
The offense of criminal attempt is found in N.J.S.A. 2C:5-1. The pertinent section of the statute provides:
a. Definition of attempt. A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he: (1) ... (2) ... (3) Purposely does or omits to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.
b. Conduct which may be held substantial step under subsection a. (3). Conduct shall not be held to constitute a substantial step under subsection a. (3) of this section unless it is strongly corroborative of the actor's criminal purpose.
c. Conduct designed to aid another in commission of a crime. A person who engages in conduct designed to aid another to commit a crime which would establish his complicity under section 2C:2-6 if the crime were committed by such other person, is guilty of an attempt to commit the crime, although the crime is not committed or attempted by such other person.
The 1971 proposed Penal Code did not specifically enumerate criminal solicitation as a crime. N.J.S.A. 2C:5-1 b. as enacted is *439 identical to the 1971 proposed Penal Code except that it does not include the following:
Without negativing the sufficiency of other conduct, the following, if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law: ...; (7) soliciting an agent, whether or not innocent, to engage in specific conduct which would constitute an element of the crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission. [1, Report of Penal Code 44 (1971)]
Since subsections b(1) through (7) were not included in the statute enacted, defendant has argued that the failure of the Legislature to enact b(7) meant the Legislature intended to abolish the crime of criminal solicitation.
Defendant has misperceived the legislative intent. Subsection b(7) was not intended to be the clause proscribing criminal solicitation. It specified conduct which would prima facie satisfy the "substantial step" requirement of N.J.S.A. 2C:5-1 a (3).
The Criminal Law Revision Commission never intended subsection b(1) through (7) to serve any purpose other than explain conduct that would constitute a "substantial step." It said:
In order to give some definite content to the "substantial step" required for an attempt under Section 2C:5-1a(3), and to settle confusion in the cases involving a number of recurring situations, a number of instances are enumerated in which attempts may be found if the other requirements of liability are met. If the prosecution can establish that any one of the enumerated situations has occurred, the question must be submitted to the trier of facts whether the defendant has taken a substantial step in a course of conduct planned to culminate in his commission of a crime. [2 Commentary 118 (1971)]
The Criminal Law Revision Commission further stated:
Contrary to the MPC and to existing law, however, we recommend that solicitation not be included as a separate offense. Instead, a solicitation to commit a crime, if otherwise sufficient, is made to constitute a `substantial step' under Section 2C:5-1a(3). We have included language in Section 2C:5-1b(7) designed to do this. Thus, we would change the New Jersey common law rule that a solicitor can never be guilty of an attempt because he does not intend to commit the offense personally. State v. Blechman supra [135 N.J.L. 99]. This provides an offense of which a true solicitor may be convicted. At the same time, it requires the making of sufficient findings as to both the specificity of the conduct solicited and the actor's purpose to protect against unwarranted prosecutions. [2 Commentary 120; emphasis in original]
Clearly, the Criminal Law Revision Commission intended to make solicitation punishable as an attempt because it expressly said it was changing the common law enunciated in State v. *440 Blechman, 135 N.J.L. 99 (E. & A. 1946). The court in Blechman said:
The solicitation constitutes a substantive crime in itself, and not an abortive attempt to perpetrate the crime solicited. It falls short of an attempt, in the legal sense, to commit the offense solicited. An attempt to commit a crime consists of a direct ineffectual overt act toward the consummation of the crime, done with an intent to commit the crime. Neither intention alone nor acts in mere preparation will suffice. There must be an overt act directly moving toward the commission of the designed offense  such as will apparently result, in the usual and natural course of events, if not hindered by extraneous causes, in the commission of the crime itself. [at 101-102 citation omitted]
Defendant has further argued that an attempt cannot be a congruent offense because the trial judge instructed the jury:
In order to find the defendant guilty of the crime of solicitation, it is necessary that the State prove beyond a reasonable doubt that this defendant solicited another person to commit the crime of arson. To solicit means to ask, to entice, to request seriously, to invite, to appeal to. To incite means to urge, to encourage, to persuade, to move another to commit a crime.
Later in the charge he said:
The crime of solicitation of a crime is not to be confused with an aborted attempt to commit a crime. No proof is necessary that the defendant or the other person tried to commit the crime solicited.
This instruction to the jury was to prevent the jury from focusing on an attempt since the evidence showed the solicited crime was not completed or attempted under the common law. But N.J.S.A. 2C:5-1 has changed the name of the crime of solicitation to an attempt which the Legislature was free to do.
We, therefore, conclude that the congruent offense to criminal solicitation is criminal attempt, N.J.S.A. 2C:5-1. For the purposes of this case, N.J.S.A. 2C:5-1 c should be parsed as:
A person who engages in conduct designed to aid another to commit a crime ... is guilty of an attempt to commit the crime, although the crime is not committed or attempted by such other person.
We conclude that the attempt occurred when defendant solicited the detective to burn his building and then engaged in certain conduct in furtherance thereof. Defendant had pointed out to the detective the type of construction of the building, the layout of the building as well as assured the detective that the tenants would be safe and that the Fire Department would not pose any risk to a successful fire. All of these bits and pieces of information were very valuable to a torchman. Thus, the conduct *441 of defendant, taken as a whole, was designed to aid the detective in committing arson. This conduct was strongly corroborative of defendant's criminal purpose and also satisfied the "substantial step" requirement of N.J.S.A. 2C:5-1a (3). Clearly, N.J.S.A. 2C:5-1 c provides that an actor may be guilty of an attempt even though the crime was never committed or attempted by such other person. This is true even if the facts supported defendant's contention that he only wanted the building burned if he could not stop the foreclosure and could obtain insurance.
We conclude that the 2A offense of criminal solicitation is now punishable as criminal attempt in violation of N.J.S.A. 2C:5-1. We perceive the offense of solicitation to commit arson as having the following elements: (1) a solicitation to commit a crime; (2) an intention that the crime solicited actually be committed; (3) that the solicitor or actor engage in conduct of commission or omission which constitutes a substantial step in a course of action planned to culminate in the commission of the crime solicited; and (4) that the substantial steps taken must be strongly corroborative of defendant's criminal purpose. These requirements were satisfied in this case at bar.
An attempt is a crime of the same degree as the most serious crime which is attempted except for first degree crimes. (N.J.S.A. 2C:5-4 a). Defendant would, therefore, be subject to liability for an attempt to commit a crime of the second degree namely aggravated arson, N.J.S.A. 2C:17-1 a (3). Since defendant's sentence of 360 days to the Monmouth County Correctional Institution is less than the maximum provided for the congruent offense under 2C, he has, therefore, failed to establish the threshold requirements of N.J.S.A. 2C:1-1 d (2). He is not sentenced to a term of imprisonment that is greater than the maximum permitted for the congruent offense. His application to be resentenced is therefore denied.
The State has also argued that a congruent offense is conspiracy in violation of N.J.S.A. 2C:5-2. While we recognize that the argument has some persuasiveness, we nonetheless conclude *442 that we need not decide that issue in this case. See Garcia v. State, 394 N.E.2d 106 (Ind.Sup.Ct. 1979).