STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
RADOSAV JOVANOVIC, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 14, 1981—Decided September 29, 1981.

Before Judges ALLCORN, FRANCIS and MORTON I. GREENBERG.

*Vincent E. Halleran, Jr.* argued the cause for appellant.

*Mark P. Stalford,* Assistant Monmouth County Prosecutor, argued the case for respondent (*Alexander D. Lehrer,* Monmouth County Prosecutor, attorney).

PER CURIAM.

Defendant Radosav Jovanovic was tried to a jury and convicted of soliciting, inciting and endeavoring to persuade another to commit the crime of arson (*N.J.S.A.* 2A:85–1). He was sentenced to the Monmouth County Correctional Institution for 360 days. The Appellate Division affirmed the conviction and the Supreme Court denied certification.

Defendant filed a motion for resentencing pursuant to *N.J.S.A.* 2C:1–1d(2). Before the resentencing panel heard argument on this motion defendant moved before the trial judge for a reduction of sentence. This latter motion was denied and defendant filed a notice of appeal to this court. Meanwhile, in April and May 1980 the resentencing panel heard arguments and denied defendant's motion for resentencing, setting forth the reasons therefor in a published opinion. *State v. Jovanovic,* 174

*N.J.Super.* 435 (1980). Defendant also seeks to appeal the order emanating from that opinion. Defendant's two appeals were consolidated by an order of this court dated September 17, 1980.

On this appeal defendant's contentions, as set forth in each of the two briefs submitted on his behalf, are the following:

Point I The court erred in imposing a custodial sentence.

Point II The common law crime of solicitation is not a crime under the newly enacted Code of Criminal Justice, *N.J.S.A.* 2C:1–1 *et seq.*

Point III The trial court's charge to the jury does not relate to the offense the State claims, into which solicitation has been incorporated.

Point IV Affirmative defenses were not considered by the trial court nor the jury as they were irrelevant to the offense charged.

The first point was contained in the brief relating to the trial judge's refusal to reduce the sentence, and the remaining points were contained in the brief supplied in connection with the appeal from the resentencing panel.

 We find no error in the trial judge's denial of a reduction of the sentence. In view of the nature of this offense, particularly the callous attitude which defendant displayed toward the safety of the tenants of his building together with the information set forth in the presentence report, we are satisfied that the trial judge did not mistakenly exercise his discretion in imposing the sentence which he did in this case. We defer to the "presumed reasonableness" in the absence of "compelling circumstances" in the record requiring otherwise. *State v. Spinks*, 66 *N.J.* 568, 573 (1975). It does not clearly and convincingly appear that there was any miscarriage of justice under the law. *See State v. Whitaker*, 79 *N.J.* 503 (1979).

 We have considered the three contentions set forth above relating to the appeal from the resentencing panel and the arguments advanced in support of them in our review of the record submitted on this appeal. We find the issues raised by defendant to be clearly without merit. *R.* 2:11–3(e)(2).

We affirm substantially for the reasons set forth in the published opinion of Judge Coleman, 174 *N.J.Super.* at 435–442. The resentencing panel invoked the provisions of *N.J.S.A.*

2C:5–1 in finding a congruent offense under the new Code. The factual milieu warranted a finding of complicity under *N.J.S.A.* 2C:2–6(c)(1)(a) and 2C:2–6(c)(1)(b) so as to come within the provisions of *N.J.S.A.* 2C:5–1(c), thus establishing an attempt.

Affirmed.