

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-1999

# USA v. Williams

Precedential or Non-Precedential:

Docket 97-5465

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"USA v. Williams" (1999). *1999 Decisions.* Paper 133.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/133

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 17, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5465

UNITED STATES OF AMERICA

v.

ABDUL WILLIAMS,

Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(Dist. Ct. No. 96-cr-450)
District Judge: The Honorable Dickinson R. Debevoise

Argued: April 6, 1999

Before: SLOVITER and ALITO, Circuit Judges, and
ALARCON, Senior Circuit Judge*

(Opinion Filed: May 17, 1999)

Tonianne J. Bongiovanni
Chester M. Keller (argued)
Office of Federal Public Defender
972 Broad Street
Newark, NJ 07102

 Attorney for Appellant

_____

*The Honorable Arthur L. Alarcon, United States Senior Circuit Judge
for the Ninth Circuit, sitting by designation.

George S. Leone (argued)
Office of United States Attorney
970 Broad Street
Newark, NJ 07102

   Attorney for Appellee

OPINION OF THE COURT

ALITO, Circuit Judge:

Abdul Williams appeals his conviction and sentence in a criminal case. He argues that the District Court erroneously sentenced him as a career offender under the Sentencing Guidelines. For the reasons discussed below, we affirm Williams's conviction and sentence.

I.

The facts in this case are relatively simple. Williams was arrested and indicted for distributing heroin and purchasing heroin with intent to distribute, in violation of 21 U.S.C. S 841(a)(1) and 18 U.S.C. S 2. He subsequently entered into a plea agreement in which he agreed to plead guilty to a two-count Information charging that he knowingly and intentionally used a telephone to commit, cause, and facilitate the distribution of heroin in violation of 21 U.S.C. S 843(b). Williams pleaded guilty to both counts.

At a sentencing hearing, the government asked the District Court to sentence Williams as a career offender pursuant to S 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.").1 In making this request, the government asserted (1) that Williams was at least 18 years old when he committed the instant offense, (2) that the offense was a "controlled substance offense," and (3) that Williams had received at least two prior felony convictions for "controlled substance offense[s]."

_____

1. Except where indicated otherwise, all references are to the Sentencing Guidelines in effect on July 17, 1997--the day Williams was sentenced.

Williams challenged only the second of these assertions, arguing that his conviction under S 843(b) did not qualify as a "controlled substance offense" for purposes of determining career offender status under U.S.S.G. S 4B1.1. The District Court rejected this argument, concluding that Williams had committed a "controlled substance offense" and was therefore a career offender for purposes of U.S.S.G. S 4B1.1. Accordingly, the District Court sentenced him to a 92 month term of imprisonment.

Williams appealed the District Court's decision to sentence him as a career offender. Because this case requires us to resolve a question of law, our review is plenary. United States v. Sabarese, 71 F.3d 94, 95 n.1 (3d Cir. 1996).

II.

Under the Sentencing Guidelines, a defendant can be sentenced as a career offender if

> (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. S 4B1.1. Williams does not dispute that he was at least 18 years old at the time of the instant offense; nor does he deny having received at least two prior felony convictions for controlled substance offenses. See Br. for Appellant at 11 ("[I]t is undisputed that thefirst and third prongs are met."). Accordingly, the only question before us is whether Williams's 21 U.S.C. S 843(b) conviction can be considered a "controlled substance offense" for purposes of U.S.S.G. S 4B1.1.

Williams raises two arguments in support of his contention that it cannot. First, he argues that"the plain language of [U.S.S.G. S 4B1.2] and its commentary demonstrate that . . . a conviction [under S 843(b)] is not" a "controlled substance offense" for purposes of

determining career offender status. Br. for Appellant at 9. Second, he argues that the Sentencing Commission's definition of "controlled substance offense" is ambiguous and must therefore be construed in his favor. For the reasons discussed below, we disagree.

A. The Guidelines define a "controlled substance offense" as "an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. S 4B1.2(2) (emphasis added). Thus, a crime constitutes a "controlled substance offense" if the law creating it prohibits at least one of the activities enumerated in S 4B1.2(2).2 Id.

Therefore, we must determine whether S 843(b) prohibits at least one of the activities enumerated in S 4B1.2(2). Section 843(b) provides that

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any acts constituting a felony under any provision of this [control and enforcement] subchapter or[the import and export] subchapter . . . of this [drug abuse and prevention] chapter.

21 U.S.C. S 843(b). Many of the provisions referenced in S 843(b) prohibit "the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. S 4B1.2(2). See e.g., 21 U.S.C. S 841(a) (prohibiting the manufacture, distribution, and dispensing of controlled substances, and possession of controlled substances with

_____

2. Because inchoate drug crimes are "offense[s] under a . . . law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance
. . . with intent to manufacture, import, export, distribute, or dispense,"
they must be considered "controlled substance offenses." U.S.S.G. S 4B1.2 Commentary, Application Note 1 ("The term[ ] . . . `controlled substance offense' include[s] aiding and abetting, conspiring, and attempting to commit such offenses."). Id.

4

intent to distribute); 21 U.S.C. S 952 (prohibiting the importation of controlled substances); 21 U.S.C. S 953 (prohibiting the export of controlled substances). Consequently, many of the offenses that can give rise to a S 843(b) conviction involve "the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. S 4B1.2(2). See e.g., 21 U.S.C. S 841(b) (prescribing penalties for the manufacture, distribution, and dispensing of controlled substances, and for possession of controlled substances with intent to distribute); 21 U.S.C. S 960 (prescribing penalties for the unlawful import and export of controlled substances); see also United States v. Johnstone, 856 F.2d 539, 543 (3d Cir. 1988) ("The occurrence of [an] underlying drug felony is a fact necessary to finding a violation of S 843(b)."). Where such an offense provides the basis for a particular S 843(b) conviction, that conviction must be considered "an offense under a . . . law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. S 4B1.2(2).

Stated differently, where a particular S 843(b) conviction establishes that the defendant "committ[ed]," "caus[ed]," or "facilitat[ed]" one of the acts enumerated in S 4B1.2(2), that conviction qualifies as a "controlled substance offense" for purposes of determining career offender status. 3 The three

_____

3. We avoid concluding that all S 843(b) convictions are "controlled substance offense[s]" because a defendant could be convicted under S 843(b) without engaging in any of the activities enumerated in S 4B1.2(2). For example, in certain circumstances, the mere possession of a controlled substance can be considered a felony under 21 U.S.C. S 844(a). 21 U.S.C. S 844(a) ("[I]f [a person] commits [the] offense[of possession of a controlled substance] after a prior conviction or convictions under this subsection have become final, he shall be sentenced to a term of imprisonment of not more than 2 years, a fine of not more than $10,000, or both."). Under those circumstances, a defendant could conceivably be convicted under S 843(b) for using a telephone to facilitate the mere possession of a controlled substance.

5

Courts of Appeals that have confronted this issue have reached similar conclusions.4 See United States v. Mueller, 112 F.3d 277, 280–83 (7th Cir. 1997) ("By its plain terms, the underlying elements of 21 U.S.C. S 843(b) constitute a `controlled substance offense.' "); United States v. Walton, 56 F.3d 551, 555–56 (4th Cir. 1995) ("The distribution of cocaine is clearly a [`controlled substance offense'] . . . ."); United States v. Vea–Gonzalez, 999 F.2d 1326, 1329 (9th Cir. 1992) ("[B]ecause section 843(b) effectively prohibits the same conduct as is prohibited by `controlled substance offenses,' the statute is a controlled substance offense for purposes of the career offender guideline."); cf. United States v. Mankins, 135 F.3d 946, 949 (5th Cir. 1998) (concluding that S 843(b) is a "felony drug offense" under 21 U.S.C. S 841(b)(1)(B)(viii) because it "prohibits drug distribution").

The offense underlying Williams's S 843(b) conviction was

_____

Such a conviction would not constitute a "controlled substance offense" because simple possession is not "an offense under a . . . law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. S 4B1.2(2).

4. We are not aware of a single instance in which a court has concluded that a S 843(b) conviction cannot qualify as a"controlled substance offense" for purposes of determining career offender status. Aware of the dearth of case law supporting his argument, Williams cites several cases involving crimes that clearly do not constitute "controlled substance offense[s]." See United States v. Dolt, 27 F.3d 235 (6th Cir. 1994) (concluding that a conviction under Florida's solicitation statute did not qualify as a "controlled substance offense"); United States v. Baker, 16 F.3d 854 (8th Cir. 1994) (concluding that a conviction under 21 U.S.C. S 856 was not a "controlled substance offense" where the underlying offense was mere possession of a controlled substance); United States v. Wagner, 994 F.2d 1467 (10th Cir. 1993) (concluding that possession of a precursor chemical with intent to manufacture a controlled substance was not a "controlled substance offense"); United States v. Liranzo, 944 F.2d 73 (2d Cir. 1991) (concluding that a conviction under New York's criminal facilitation statute did not qualify as a"controlled substance offense"). Because these cases do not pertain to S 843(b) convictions, they do not advance Williams's argument.

6

the distribution of heroin in violation of 21 U.S.C.S 841(a). See Plea Agreement With Abdul Williams, App. at 22 ("The underlying offense is the distribution of heroin."). Without question, the distribution of heroin in violation of S 841(a) is "an offense under a . . . law prohibiting the . . . distribution . . . of a controlled substance . . . ." U.S.S.G. S 4B1.2(2). Williams's S 843(b) conviction must therefore be considered a "controlled substance offense" for purposes of determining career offender status.

B. In the alternative, Williams argues that S 4B1.2(2) is ambiguous, and asks us to invoke the rule of lenity to resolve the ambiguity in his favor. Br. for Appellant at 22-24; see e.g., Rewis v. United States, 401 U.S. 808, 812 (1971) (explaining that the rule of lenity dictates that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity [to the defendant]."). However, "because there is nothing ambiguous" about S 4B1.2(2), "the rule of lenity does not apply." United States v. Johnson, 155 F.3d 682, 685 (3d Cir. 1998).

Moreover, even if we were to conclude that the Sentencing Guidelines' definition of "controlled substance offense" was ambiguous, we would still be compelled to affirm. Several months after Williams was sentenced, the Sentencing Commission amended the commentary to S 4B1.2.5 As amended, the commentary resolves any ambiguity that may have existed when Williams was sentenced, explaining that

> Using a communications facility in committing, causing, or facilitating a drug offense (21 U.S.C. S 843(b)) is a "controlled substance offense" if the offense of conviction established that the underlying offense (the offense committed, caused, or facilitated) was a controlled substance offense.

U.S.S.G. App. C, Amend. 568 (effective Nov. 1, 1997) (currently designated as U.S.S.G. S 4B1.2 Commentary, Application Note 1)("Amendment 568").

---

5. Williams was sentenced on July 14, 1997. The amendment became effective November 1, 1997.

It is beyond dispute that the offense underlying Williams's S 843(b) conviction was the distribution of heroin in violation of 21 U.S.C. S 841. Without question, the distribution of heroin is a "controlled substance offense." Therefore, if we give Amendment 568 retrospective effect, we must affirm.

Williams argues that because Amendment 568 became effective after he was sentenced, "it has no application to this appeal except to show that it was not at all clear at the time he was sentenced that [a S 843(b) conviction]" could be considered a "controlled substance offense." Br. for Appellant at 9, n.5. We reject this argument inasmuch as it ignores "the established principle that a post-sentencing amendment to a sentencing guideline or its comments should be given effect if it `clarifies' the guideline or comment in place at the time of sentencing." United States v. Marmolejos, 140 F.3d 488, 490 (3d Cir. 1998).

Amendment 568 "does not overrule prior constructions of the Guideline." United States v. Bertoli, 40 F.3d 1384, 1405 (3d Cir. 1994) (internal quotations omitted). See section IIA, infra. Nor does it "effect[ ] a substantive change in the law." Marmolejos, 140 F.3d at 490. Rather, it "confirms our reading of the Guideline," thereby "clarif[ying]" S 4B1.2's definition of "controlled substance offense." Bertoli, 40 F.3d at 1405. See section IIA, supra. Therefore, we can apply Amendment 568 retrospectively without violating the ex post facto clause. Bertoli, 40 F.3d at 1405.

Amendment 568 unquestionably resolves this dispute in favor of the government. Thus, even if we were to conclude that the Sentencing Guidelines' definition of"controlled substance offense" was ambiguous when Williams was sentenced, we would still affirm.

III.

For the foregoing reasons, we affirm.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit