

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2000

# United States v. Shabazz

Precedential or Non-Precedential:

Docket 99-5807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Shabazz" (2000). *2000 Decisions*. Paper 244.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/244

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 4, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-5807

UNITED STATES OF AMERICA

v.

ABDUL AZIZ SHABAZZ,
a/k/a LEWIS ALVIN HAYES,
a/k/a ALVIN HAYES,
a/k/a ISIAH SIMMONS

Abdul Aziz Shabazz,
        Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 97-cr-00339-2)
District Judge: Honorable Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
August 11, 2000

Before: BARRY, AMBRO, and GREENBERG, Circuit Judges

(Opinion filed: December 4, 2000)

        PAUL W. BERGRIN, ESQUIRE
        Pope, Bergrin & Verdesco, P .A.
        572 Market Street
        Newark, New Jersey 07105

        Counsel for Appellant

ROBERT S. CLEARY, ESQUIRE
United States Attorney,
 District of New Jersey
GEORGE S. LEONE, ESQUIRE
Chief, Appeals Division
MICHAEL MARTINEZ, ESQUIRE
Assistant United States Attorney
970 Broad Street
Room 700
Newark, New Jersey 07102

Counsel for Appellee

OPINION OF THE COURT

AMBRO, Circuit Judge.

Section 4B1.1 of the United States Sentencing Guidelines
("U.S.S.G." or "Guidelines") provides for increased or
enhanced sentences for career offenders. 1 Conviction of
certain prior crimes (e.g., "contr olled substance offenses")
triggers the application of career offender status. This
appeal by Abdul Aziz Shabazz raises the question of
whether a prior state conviction for employing a juvenile in
a drug distribution ring is properly consider ed a controlled
substance offense pursuant to U.S.S.G. S 4B1.1. We
conclude that it is and thus affirm the judgment of the
District Court.

Jurisdiction properly existed in the District Court
pursuant to 18 U.S.C. S 3231. Jurisdiction in this Court is
pursuant to 28 U.S.C. S 1291 and 18 U.S.C.S 3742(a).

_____

1. All citations are to the 1998 United States Sentencing Guidelines, the
Guidelines in effect at the time of Shabazz's sentencing. U.S.S.G.
S 4B1.1 reads in part:

> A defendant is a career offender if (1) the defendant was at least
> eighteen years old at the time the defendant committed the instant
> offense of conviction, (2) the instant of fense of conviction is a
felony
> that is either a crime of violence or a contr olled substance
offense,
> and (3) the defendant has at least two prior felony convictions of
> either a crime of violence or a controlled substance offense.

2

Shabazz's notice of appeal was timely filed. W e exercise plenary review over a District Court's deter mination that an offense constituted a controlled substance offense for purposes of determining career of fender status under U.S.S.G. S 4B1.1. See United States v. W illiams, 176 F.3d 714, 715 (3d Cir. 1999).

I.

On November 12, 1998, Shabazz pled guilty to conspiring to possess heroin with the intent to distribute in violation of 21 U.S.C. SS 846, 841(a)(1), and to possessing a counterfeit security with intent to deceive in violation of 18 U.S.C. S 513(a). In anticipation of sentencing, a probation officer prepared a presentence r eport. He determined that Shabazz should be classified as a career of fender pursuant to U.S.S.G. S 4B1.1. In making that finding, the probation officer determined that (1) Shabazz was at least 18 years old at the time of the offense, (2) the of fense was a controlled substance offense under the Guidelines, and (3) he had two prior felony convictions that are classified as a crime of violence or a controlled substance of fense. See U.S.S.G. S 4B1.1.

The probation officer determined that Shabazz had three predicate convictions that supported the thir d prong of S 4B1.1. Those prior felony convictions included (1) a 1988 New Jersey conviction for possession of a contr olled substance with intent to distribute, (2) a 1989 New Jersey conviction for employing a juvenile in a drug distribution scheme, and (3) a 1982 New York conviction for second degree robbery.

At sentencing, defense counsel objected to the use of the latter two convictions to satisfy the third pr ong of S 4B1.1. Specifically, counsel argued that (1) the crime of employment of a juvenile in a drug distribution scheme is akin to a solicitation conviction and thus not a controlled substance offense as defined in the Guidelines, and (2) the robbery conviction was not supported by adequate proof.

3

Over these objections, the District Court classified Shabazz as a career offender predicated on the first two listed felonies.2

As a career offender, Shabazz's adjusted offense level was 29 and his criminal history category remained unchanged at VI. This places his potential sentence within the range of 151-188 months. However, the District Court departed downward pursuant to U.S.S.G. S 5K1.1 3 and sentenced Shabazz to two concurrent prison terms of 72 months.

II.

The parties do not dispute that the first two pr ongs of S 4B1.1 have been satisfied. The sole question for decision is whether Shabazz's state conviction for employing a minor in the distribution of a controlled substance is properly classified as a predicate controlled substance offense pursuant to U.S.S.G. S 4B1.1.

> The term "controlled substance of fense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year , that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. S 4B1.2(b).

In order to classify a prior conviction as a controlled substance offense, the sentencing court should begin with the language of the statute. If the statute of conviction is clear, the court should not look beyond that statute's text. See United States v. Hernandez, 218 F .3d 272, 279 (3d Cir.

_____

2. The District Court noted however, that"if I were required to make a finding, I believe there's a sufficient basis for this Court to conclude that
Mr. Shabazz . . . was convicted of second degree robbery."

3. Section 5K1.1, entitled "Substantial Assistance to Authorities," provides: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

2000). However, if the statute of conviction is unclear or broad enough to criminalize acts that ar e not properly classified as a controlled substance of fense, the sentencing court may look beyond the bare elements of the statute. See id.; Williams, 176 F.3d at 716 n.3; see also United States v. Casarez–Bravo, 181 F.3d 1074, 1077–78 (9th Cir. 1999) (allowing a court to look past the statutory definition of a crime and to examine judicially noticeable facts or documents that clearly establish the conviction to be a predicate conviction for enhancement purposes); United States v. Coleman, 158 F.3d 199, 202 (4th Cir. 1998) ("In those narrow circumstances in which [a defendant] could have been [convicted] in two ways, . . . a district court must look past the fact of conviction and the elements of the offense to determine which type of of fense supported the defendant's conviction."); United States v. Palmer, 68 F.3d 52, 55–56 (2d Cir. 1995) ("If . . . the statute reaches both conduct that satisfies these definitions and conduct that does not, then the charging instrument and jury instructions may be consulted to determine whether the prior conviction was imposed for conduct that qualifies for enhancement purposes.").

Significantly, in United States v. Her nandez, 145 F.3d 1433 (11th Cir. 1998), the Eleventh Cir cuit decided an issue similar to the one this Court is asked to decide today. In that case, a jury found the defendant, Modesto Hernandez, guilty of, among other things, possession of cocaine with intent to distribute. In the pr esentencing report, the probation officer applied the career offender provision of U.S.S.G. S 4B1.1 as a r esult of two prior controlled substance convictions. Hernandez challenged the use of the convictions as outside the scope of a controlled substance offense for S 4B1.1 purposes.

The statute that Hernandez was convicted under stated that " `it is unlawful for any person to sell, purchase, manufacture, deliver, or possess with the intent to sell a controlled substance.' " See id. at 1440 (quoting Fla. Stat. Ann. S 893.13(1)(a) (1993)). Hernandez's 1993 plea of nolo contendere to both charges did not specify whether his convictions were for the purchase or the sale of controlled substances. The difference was significant because a

5

conviction for purchasing did not qualify as a controlled substance offense for S 4B1.1 enhancement purposes, while a conviction for sale did.

The Eleventh Circuit held that although the District Judge improperly considered the arrest affidavits in determining whether the convictions were for purchasing or selling, a sentencing court could look beyond the words of the statute to determine if an offense qualifies as a predicate for S 4B1.1 enhancement purposes. On remand, it instructed the District Court to examine "easily produced and evaluated court documents, such as any helpful plea agreements or plea transcripts, any presentencing reports adopted by the sentencing judges, and any findings made by the sentencing judges," in order to determine whether the prior convictions qualified as predicate offenses for enhancement under S 4B1.1. Id.

When considering the classification of a criminal statute as a controlled substance offense, the sentencing court should ascertain if the conduct that causes a conviction under the statute was a controlled substance offense. See Williams, 176 F.3d at 717. Put another way, the sentencing court should ask if a violation of the criminal statute facilitated "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. S 4B1.2(b). For example, in Williams this Court considered whether a conviction pursuant to 21 U.S.C. S 843(b) for" `knowingly or intentionally' " using " `any communication facility in committing or in causing or facilitating the commission of any acts constituting a [drug-related] felony' " was properly classified as a controlled substance offense. Williams, 176 F.3d at 716 (quoting 21 U.S.C. S 843(b)). This Court ruled that "where a particular S 843(b) conviction established that the defendant `committ[ed],' `caus[ed],' or `facilitat[ed]' one of the acts enumerated in U.S.S.G. S 4B1.2(2), that conviction qualifies as a `controlled substance offense' for purposes of determining career offender status." Id. at 717 (alteration in original).

6

The disputed statute of conviction in this case is entitled "Employing a Juvenile in a Drug Distribution Scheme." The operative statutory language reads: "Any person being at least 18 years of age who knowingly uses, solicits, directs, hires or employs a person 17 years of age or younger to violate N.J.S. 2C:35-4 or subsection a. of N.J.S. 2C:35-5, is guilty of a crime of the second degree . . . ." N.J. Stat. Ann. S 2C:35-6 (West 1995).4 The parties do not dispute that Shabazz's conviction under S 2C:35-6 was for conduct that facilitated the distribution of a controlled substance.

However, Shabazz urges us not to conclude our analysis here. He contends that, although the of fense underlying S 2C:35-6 may be a controlled substance offense, the criminal act committed by him was solicitation and solicitation cannot be considered a contr olled substance offense. Shabazz points out that in United States v. Dolt, 27 F.3d 235 (11th Cir. 1994), the United States Court of Appeals for the Eleventh Circuit noted that solicitation was not among the preliminary and inchoate crimes listed separately in the Application Notes to the Guidelines as constituting a controlled substance offense. See id. at 238. However, the Court continued to explor e the treatment of solicitation as applied in Florida courts to deter mine whether it was sufficiently similar to those crimes listed as controlled substance offenses. See id. Since solicitation is distinct and generally further removed fr om the facilitated act, the Court reasoned that it was sufficiently dissimilar to the preliminary and inchoate crimes listed in the Guidelines and thus not covered. See id.  at 238-40.

If we were to decide that Dolt contr olled this case, we would be required to determine if Shabazz's conduct constituted solicitation or one of the other enumerated offenses in S 2C:35-6. New Jersey criminal law no longer provides for the separate offense of solicitation. Instead, solicitation is punishable as a criminal attempt in violation of N.J. Stat. Ann. S 2C:5-1. See State v. Sunzar, 751 A.2d 627, 631 (N.J. Super. Ct. Law Div. 1999); State v.

_____

4. The cited statutes within S 2C:35-6 r espectively refer to the illegal maintenance or operation of a production facility for a controlled dangerous substance and distribution of a contr olled substance.

7

Jovanovic, 416 A.2d 961, 965 (N.J. Super . Ct. 1980). Based on the Model Penal Code as its conceptual sour ce, see Jovanovic, 416 A.2d at 631, New Jersey defines solicitation as " `no more than asking or enticing someone to commit a crime.' " Sunzar, 751 A.2d at 630 (quoting State v. Gay, 486 P.2d 341, 345 (Wash. Ct. App. 1971)).

In Williams, this Court refused to apply Dolt to convictions under S 843(b), and left open as well the question of whether solicitation convictions may be considered a controlled substance of fense. See Williams, 176 F.3d at 717 n.4. We need not r each that issue in this case. The New Jersey statute of conviction her e criminalizes five different acts (i.e., using, soliciting, directing, hiring or employing) related to exploiting a juvenile in a drug distribution scheme. Even if we were to find that mere solicitation of a juvenile does not qualify as a controlled substance offense, some of the other criminalized acts in the New Jersey statute clearly do qualify, such as the use, employment or direction of a juvenile. Because the record is unclear for which act Shabazz was formerly charged and the statute criminalizes different acts that may or may not be controlled substance offenses, we look past the words of the statute to the "conduct of which the defendant was convicted." U.S.S.G. S 4B1.2 app. n.2.

Evidence of the conduct underlying Shabazz's violation of N.J.S. S 2C:35-6 is provided in the pr esentence report and the state court's opinion denying post conviction r elease. According to the presentence report, Newark police officers were conducting surveillance and observed Shabazz and two others conducting drug sales.5 One of the two other dealers was a juvenile. The New Jersey court r ecounted the facts as follows: "[D]efendant acknowledged that he `used S.G.,' a 17-year old juvenile, `as a lookout' while preparing to sell a large quantity of cocaine." State v. Shabazz, 622 A.2d 914, 915 (N.J. Super. Ct. App. Div. 1993). This sufficiently demonstrates that Shabazz was caught past the point of solicitation and was actually using others, including a juvenile, to facilitate the distribution of a drug.

_____

5. It is important to note that Shabazz did not object to the probation officer's description of his underlying conduct.

Thus his conduct would be sufficient to qualify as a
controlled substance offense.

* * *

For the foregoing reasons, the judgment of the District
Court is affirmed.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit