IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-60364

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE JORDAN JOHNSON, also known as Byrd,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Mississippi
(3:96-CR-1-S)

April 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Andre Jordan Johnson was convicted of conspiracy to possess and aiding and abetting possession with intent to distribute more than 200 pounds of marijuana.[1]  Johnson raises several challenges to his sentence.  We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 21 U.S.C. §§ 841, 846.

Johnson asserts that the district court erred in applying the career-offender enhancement under U.S.S.G. § 4B1.1. This enhancement requires two prior convictions for "controlled substance offenses." Johnson argues that neither of the prior offenses forming the basis for this enhancement supports its imposition. Since Johnson did not object to the enhancement at sentencing, we review for plain error.[2]

A

First, Johnson argues that his 1992 Tennessee conviction for solicitation to commit a sale of cocaine is not a controlled substance offense within the meaning of § 4B1.2 of the Sentencing Guidelines, which defines "controlled substance offense." He cites the Sixth Circuit case *United States v. Dolt*,[3] which held that the Florida solicitation statute was not a controlled substance offense. The court in *Dolt* distinguished solicitation from attempt, conspiracy, and aiding and abetting, which § 4B1.2 explicitly includes within the scope of controlled substance offenses.[4] This circuit, however, has not ruled on the issue

---

[2] *See* Fed. R. Crim. P. 52(b). Even purely legal rulings by the district court, if not objected to, are reviewed for plain error. *See United States v. Calverley*, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc).

[3] 27 F.3d 235 (6th Cir. 1994).

[4] *Id.* at 238-39; *see also* U.S.S.G. § 4B1.2 cmt.1 (2001).

presented in *Dolt*; whether solicitation can be a controlled substance offense remains an open question.[5] No other circuit besides the Sixth has ruled on this precise question. Indeed, no circuit has followed *Dolt* when addressing related questions;[6] and one has suggested that *Dolt*'s reasoning is flawed.[7] The Sixth Circuit itself has distinguished *Dolt* when holding that Tennessee's solicitation statute is a "crime of violence" within the meaning of § 4B1.2 when the defendant was convicted of soliciting armed robbery.[8]

We are thus faced with a district court ruling on a question of first impression in this circuit where there is no authority from other circuits that would tend to compel, or even suggest, a holding by this circuit.[9] Under these circumstances, and assuming

---

[5] *Cf. United States v. Williams*, 120 F.3d 575, 579 (5th Cir. 1997) (distinguishing *Dolt*). No court has ruled on whether the Tennessee solicitation statute is a controlled substance offense.

[6] *See United States v. Shabazz*, 233 F.3d 730, 733-34 (3d Cir. 2000); *United States v. Williams*, 176 F.3d 714, 717 n.4 (3d Cir. 1999); *United States v. Williams*, 120 F.3d 575, 579 (5th Cir. 1997); *United States v. Cox*, 74 F.3d 189, 190 (9th Cir. 1996).

[7] *See Cox*, 74 F.3d at 190.

[8] *See United States v. Walker*, 181 F.3d 774, 780-81 (6th Cir. 1999).

[9] Compare this case to *United States v. Leonard*, 157 F.3d 343, 345-46 (5th Cir. 1998), where this court found plain error in a district court's error on a legal question of first impression when the language of the sentencing guideline was clear and the other circuits to address the issue had all reached the same conclusion.

3

without deciding that the district court erred, we cannot say that any error was plain.

B

Second, Johnson argues that his January 19, 1996 federal conviction for aiding and abetting possession of cocaine with intent to distribute cannot be used to support the career-offender enhancement. He argues that the Guidelines' requirement of "two prior felony convictions" requires that those two convictions become final before the defendant commits the crime to which the enhancement applies. Johnson argues that his 1996 conviction was not final because he had not been sentenced in that case when he committed the crime for which he was convicted in the instant case.[10] This argument has no merit. The Guidelines explicitly state that "the defendant [must have] committed the instant offense of conviction subsequent to sustaining at least two felony convictions of . . . a controlled substance offense . . . . The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*."[11] There is no requirement that the defendant have been sentenced for his "two prior felony convictions." Johnson had pleaded guilty before he committed the crimes in the instant case.

---

[10] The government presented evidence at trial of Johnson's involvement in the alleged conspiracy starting April 22, 1996.

[11] U.S.S.G. § 4B1.2(c).

4

Johnson contends that by failing to comply with the requirements of 21 U.S.C. § 851, the district court could not enhance Johnson's sentence based on his prior convictions. The government replies that the prior convictions were used only for enhancements under the Sentencing Guidelines, not statutory enhancements to the maximum sentence under 21 U.S.C. § 841. Section 851 only applies to statutory enhancements.[12] Thus, compliance with section 851 was not required in this case.

III

Johnson argues that the district court erred in increasing his offense level under the Guidelines for obstruction of justice and as a leader or organizer of criminal activity.[13] These enhancements would have the effect of increasing Johnson's offense level from 26 to 30. Although the presentence report did list both of these enhancements as possible enhancements to Johnson's sentence, it noted that under the career-offender provision of the Sentencing Guidelines,[14] Johnson's offense level is increased to 34, regardless

---

[12] *See United States v. Marshall*, 910 F.2d 1241, 1245 (5th Cir. 1990).

[13] Each of these factors justifies a two-level enhancement in the offense level under the Sentencing Guidelines. *See* U.S.S.G. §§ 3B1.1(c); 3C1.1.

[14] U.S.S.G. § 4B1.1.

of the obstruction of justice or leader/organizer enhancements.[15] The district court accepted the PSR's recommendation to sentence under the career-offender provision.  Thus, the district court did not consider the other enhancements, and any assertions of error regarding those enhancements is irrelevant.

## IV

Johnson argues that the PSR was inadequate to establish that he was responsible for 542 pounds of marijuana.  He did not object to the quantity as found by the trial court.  Thus, this court will accept the facts in the PSR as "true and reliable" and ask only if those facts are "legally [ ]adequate" to support the enhancement.[16] Further, we review only for plain error.[17]  In this case, the PSR stated that several shipments of marijuana were made in addition to the intercepted shipment of 211 pounds.  Johnson argues that the court failed to make any finding of reasonable foreseeability for the other shipments of drugs attributed to Johnson.  But the PSR states that Johnson, in addition to the crime of conviction, was directly involved in at least one other shipment of marijuana.  No

---

[15] "If the offense level for a career criminal [dictated by this section] is greater than the offense level otherwise applicable, the offense level [under this section] shall apply." *Id.*  Because the maximum sentence to which Johnson could have been sentenced was greater than 25 years, section 4B1.1 required an offense level of 34.

[16] *United States v. Martinez-Cortez*, 988 F.2d 1408, 1415 (5th Cir. 1993).

[17] *See id.* at 1410-11.

foreseeability finding is necessary for amounts that Johnson was personally involved in possessing. Even if Johnson was involved in only one other shipment, and it was the smallest shipment alleged in the PSR, 40 pounds, he was personally involved in the possession of 251 pounds of marijuana.[18] Assuming *arguendo* that the district court erred in holding Johnson responsible for 542 pounds, we note that the offense level for 542 or 251 pounds of marijuana is the same.[19] Thus, any error would be harmless.

V

Johnson finally invokes *Apprendi v. New Jersey*,[20] arguing that the use in sentencing of drug amounts not proven to the jury violates the Constitution. Johnson concedes, however, that this argument is foreclosed by Fifth Circuit precedent holding that the constitutional rule announced in *Apprendi* "does not invalidate a court's factual finding for the purposes of determining the applicable Sentencing Guidelines"[21] as long as the court-imposed

---

[18] Adding 40 pounds to the amount of the shipment he was convicted of aiding and abetting, 211 pounds, yields 251 pounds.

[19] Converting to the metric system, we find that 251 pounds is approximately 114 kilograms; 542 pounds is approximately 246 kilograms. Possession with intent to distribute marijuana in any amount between 100 and 400 kilograms is subject to an offense level of 26. *See* U.S.S.G. § 2D1.1(c).

[20] 530 U.S. 466, 120 S. Ct. 1248 (2000).

[21] *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000).

7

sentence does not exceed the statutory maximum authorized by the jury's verdict.[22]  This contention therefore lacks merit.

VI

Johnson's sentence is AFFIRMED.

---

[22] *Id.* at 165.