

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2003

# USA v. Perez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2066

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Perez" (2003). *2003 Decisions*. Paper 171.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/171

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 03-2066

_____

UNITED STATES OF AMERICA

v.

RAFAEL PEREZ,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Crim. Action No. 02-cr-00018-1)
District Judge:  Honorable Anne E. Thompson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2003

BEFORE:  SLOVITER, ROTH and STAPLETON, Circuit Judges

(Opinion Filed: October 30, 2003)

_____

OPINION OF THE COURT

_____

STAPLETON, <u>Circuit Judge</u>:

Rafael Perez appeals from the District Court's imposition of a sentence of 85 months imprisonment based on Perez's plea of guilty to one count of knowingly and intentionally possessing with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841. We will affirm.

**I.**

Because we write solely for the benefit of the parties, we recount the facts and the procedural history of the case only as they are relevant to the following discussion. The record reflects that on January 10, 2002 a two-count indictment was filed in the District of New Jersey, charging Perez with one count of knowingly and intentionally distributing and possessing with intent to distribute heroin and one count of knowingly and intentionally possessing with intent to distribute heroin, both in violation of 21 U.S.C. § 841. On May 1, 2002, Perez pled guilty to the second count of knowingly and intentionally possessing with intent to distribute a quantity of heroin. In exchange for his guilty plea, the United States agreed to a dismissal of the first charge.

Under the terms of the plea agreement, Perez stipulated that, among other things, he "had at least two prior felony convictions for a crime of violence or a controlled substance offense that are counted separately. Accordingly, the defendant Rafael Perez is a career criminal. Therefore, the approximate Base Offense Level is 32 with a Criminal History Category VI. <u>See</u> U.S.S.G. § 4B1.1(C)." App. 18. In the

Presentence Investigation Report, the United States Probation Office recommended a base offense level of 32. PSI at 7. This conclusion was based upon U.S.S.G. § 4B1.1, which states that a career offender's criminal history should be Category VI and his offense level range is 12 to 37. Pursuant to U.S.S.G. § 3E1.1, Perez's offense level was reduced a total of 3 points for acceptance of responsibility, for a total offense level of 29. PSI at 6. The United States Sentencing Guidelines' Sentencing Table directs that a defendant with a Criminal History Category of VI and an Offense Level of 29 should receive a sentence of 151-188 months imprisonment. The maximum allowable penalty under 21 U.S.C. § 841(b)(1)(C) is 240 months imprisonment.

At the sentencing hearing, Perez's counsel argued that one of Perez's predicate career offender convictions arose under a New Jersey general conspiracy statute, and therefore did not qualify as a controlled substance offense giving rise to career offender status.[1] The District Judge determined that Perez had been appropriately designated as a career offender, but she agreed with Perez's counsel that a departure under *United States v. Shoupe,* 988 F.2d 440 (3d Cir. 1993), was appropriate. Perez was sentenced to 85 months imprisonment. The sole question for decision is whether Perez's state conviction for conspiracy is properly classified as a predicate controlled substance offense pursuant to U.S.S.G. § 4B1.1.

---

[1] Perez pled guilty to conspiracy under N.J. Stat. Ann. § 2C:5-2 on June 6, 1992.

## II.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over a District Court's determination that an offense constituted a controlled substance offense for purposes of determining career offender status under U.S.S.G. § 4B1.1. *See United States v. Shabazz,* 233 F.3d 730, 731 (3d Cir. 2000), *United States v. Williams,* 176 F.3d 714, 715 (3d Cir. 1999).

The Sentencing Guidelines provide that a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1 (Nov. 2002). Under this provision, every career offender is given a criminal history category of VI. *Id.* In addition, a career offender is given an enhanced offense level that is calculated based upon the maximum statutory penalty for the offense on which he is being sentenced. *Id.; see also, Shoupe,* 929 F.2d at 119.

The Sentencing Reform Act requires a sentencing court to impose a sentence within the range prescribed by the Sentencing Guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guideline that should result in a sentence different from that described." 18 U.S.C.

§ 3553(b). This provision is mandatory. *See United States v. Uca,* 867 F.2d 783, 786 (3d Cir. 1989).

**III.**

We find that the District Court correctly determined that Perez's 1992 conspiracy conviction under N.J. Stat. Ann § 2C:5-2 was a controlled substance offense under U.S.S.G. § 4B1.2(b), justifying his status as a career offender under the Sentencing Guidelines.

Perez argues on appeal that the District Court erred when it determined that his previous conviction under N.J. Stat. Ann. § 2C:5-2, a New Jersey general conspiracy statute, was a controlled substance offense for purposes of assigning him career offender status under U.S.S.G. § 4B1.1. The Sentencing Guidelines define a controlled substance offense as

> an offense under federal or state law, punishable by a term of imprisonment of more than one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(2). *See also, United States v. Williams,* 176 F.3d 714, 716 (3d Cir. 1999). In the Commentary to § 4B1.2, the Sentencing Guidelines specify that a "'controlled substance offense' include[s] the offenses of . . . conspiring . . . to commit such crimes." U.S.S.G. § 4B1.2 cmt., application note 1.

N.J. Stat. Ann. § 2C:5-2(a) states

A person is guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he:

> (1) Agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) Agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

Perez contends that N.J. Stat. Ann. § 2C:5-2(a) is not a controlled substance offense under U.S.S.G. § 4B1.1 because it prohibits conspiracies to commit any crime and one can be convicted under it without having manufactured, imported, exported, distributed, or dispensed a controlled substance or possessed a controlled substance with intent to manufacture, import, export, distribute, or dispense.

Under *United States v. Shabazz,* 233 F.3d 730, 733 (3d Cir. 2002), when a criminal statute embraces more than drug offenses, the sentencing court should ascertain if the conduct that caused the conviction under the statute was a controlled substance offense. In *Shabazz,* this Court quoted with approval the Eleventh Circuit's instruction to the district court upon remand in a similar case:

> to examine easily produced and evaluated court documents, such as any helpful plea agreements or plea transcripts, any presentencing reports adopted by the sentencing judges, and any findings made by the sentencing judges, in order to determine whether the prior convictions qualified as predicate offenses for enhancement under [U.S.S.G.] § 4B1.1.

*Id.* at 732 (quoting *United States v. Hernandez,* 145 F.3d 1433, 1440 (11th Cir. 1998)).

In this case, easily produced state court documents indicate that Perez was convicted under New Jersey's general conspiracy statute for his role in the distribution of

heroin.  Specifically, Perez's state court plea form indicates that he pled guilty to two counts of conspiracy to distribute heroin.  The conduct for which Perez was convicted under N.J. Stat. Ann § 2C:5-2 therefore involves the distribution of a controlled substance, qualifying as a predicate offense for the determination of career offender status under U.S.S.G. § 4B1.1.

## IV.

For the foregoing reasons, the judgment of the District Court will be AFFIRMED.

TO THE CLERK:

Please file the foregoing Not Precedential Opinion.

/s/ Walter K. Stapleton

Circuit Judge